Constance **MARTIN**, on behalf of herself
and all others similarly situated

v.

The **EASTON PUBLISHING COMPANY,**
a corporation, et al.

**Civ. A. No. 76–2899.**

United States District Court,
E. D. Pennsylvania.

April 20, 1977.

**440**

S. P. McGuire, West Chester, Pa., for plaintiff.

Roland Morris, Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff seeks reconsideration of our order of February 25, 1977, denying plaintiff's motion for class action designation or determination. We have carefully reviewed memoranda submitted.

Pursuant to the mandate of F.R.C.P. 23(c)(1), the Court determined the class action question "as soon as practicable" at a point in time when appropriate motion, response and supporting memoranda had been submitted by all parties. It was not then suggested that any further discovery was required to determine the class action issue. The defendants suggested oral argument, in which the plaintiff joined, but did not independently insist upon same. The Court promptly decided the issue guided by the principles enunciated in *Wetzel v. Liberty Mutual*, 508 F.2d 239 (3d Cir. 1975) and other relevant cases.

The plaintiff now contends that we misinterpreted and misapplied *Wetzel*. We have carefully considered plaintiff's supporting memorandum and the arguments there raised. We think we did not err. We conclude that *Wetzel* was properly applied.

Plaintiff further contends that the Court should have heard oral argument. It was not, at that time, specifically sought by the plaintiff. That, however, was not the reason for lack of oral argument. Rather, we had the benefit of a complete and thorough memorandum reviewing the law and

the facts by able counsel. Oral argument was not then and is not now indicated.

Finally, plaintiff suggests that the Court decided the issue prematurely in that discovery was not completed on the class action issue. But that was not called to the attention of the Court at the time. Rather, the Court was assured that the issue was ripe for adjudication. Plaintiff submitted, as stated, an excellent memorandum in support of her position. It was not even remotely suggested that further discovery was essential or material to the immediate consideration of the class action issue. Even now, the suggestion of further discovery does not suggest that it *will* change the result but only that it *may* disclose facts tending to affect the issue. It appears that the suggestion of the need for further discovery is an after-thought resulting from the plaintiff's loss of the class action motion. This alone would not preclude reconsideration and further discovery. However, where, as here, the allegations of the complaint are precise and complete and the results of further discovery unlikely to change the result so clearly indicated, reconsideration is not warranted. Plaintiff's motion will be denied. In reaching this result we do not fault plaintiff's able counsel for their continued efforts in seeking a class action in circumstances where such result is not indicated.